UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYLER JOSEPH PARSONS,

                    Plaintiff,

        -against-

THE UNITED STATES OF AMERICA'S,
EXECUTIVE BRANCH; JUDGE McMAHON, THE
UNITED STATES OF AMERICA'S JUDICIAL
BRANCH,

                    Defendants.

20-CV-7231 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his "rights to a speedy and fair trial." (ECF No. 2 at 2.) By order dated September 11, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Tyler Joseph Parsons, using the Court's general complaint form, brings this complaint, invoking the Court's federal question jurisdiction.

He alleges the following: "I, Tyler Parsons, was denied my constitutional rights regarding a fair and speedy trial upon dismissal of my filed case." (ECF No. 2 at 5.) He does not specify the case that he is referencing. In the Relief section of his complaint, Plaintiff writes:

> regarding the original filing, I noted that no more than 1 to 2 hundred thousand dollars was owed to me. After these complications I have filed to plea for double this amount.

(*Id.* at 6.)

2

A review of the Court's records reveals that on September 23, 2019, Plaintiff filed a case in this Court against the "United States of America Federal Government (FL, IL, NY)," alleging that his rights to "life, liberty, and the pursuit of happiness" were violated by his "being abducted and humanly trafficked." *Parsons v. United States*, ECF 1:19-CV-8828, 2 (S.D.N.Y. Oct. 25, 2019). By order dated October 25, 2019, Chief Judge McMahon dismissed Plaintiff's case as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at ECF No. 4

It appears therefore that Plaintiff brings this new action because he disagrees with Judge McMahon's October 25, 2019 decision. On November 7, 2019, Plaintiff filed a notice of appeal in that case, but because he failed to pay the filing fee or file an application to proceed IFP on appeal, his appeal was dismissed. *See Parsons v. United States*, No. 19-3880 (2d Cir. Mar. 4, 2020).

## DISCUSSION

The Court construes Plaintiff's action as an attempt to challenge Judge McMahon's October 25, 2019 dismissal of his prior action. *See Parsons*, ECF 1:19-CV-8828. Plaintiff names the Executive Branch of the United States government as a Defendant, but he does not include any allegations against any members of the Executive Branch.

Plaintiff's claims against Chief Judge Colleen McMahon must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought

against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Chief Judge McMahon arise of out of her rulings and actions while presiding over *Parsons*, ECF 1:19-CV-8828; such rulings and actions were within the scope of her judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Chief Judge Colleen McMahon and "The United States of America's Judicial Branch" under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))). Plaintiff's claims against "The United States of America's, Executive Branch" are dismissed as barred by sovereign immunity and as frivolous. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

<h2 style="text-align:center">CONCLUSION</h2>

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

SO ORDERED.

Dated:    September 18, 2020
          New York, New York

                                        Louis L. Stanton
                                        U.S.D.J.